

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 11, 1966

Mr. Jess M. Irwin, Jr.
Executive Director
Texas Department of Mental
  Health and Mental Retardation
Box S - Capitol Station
Austin, Texas

Opinion No. C-722

Re: Legality of per diem
    expense claimed by cer-
    tain employees of Texas
    Department of Mental
    Health and Mental
    Retardation under
    stated facts.

Dear Mr. Irwin:

In a recent letter you have requested an opinion in
regard to the above stated matter. We quote, in part, from
your letter as follows:

> "Two employees of this department departed this
> headquarters at 5:30 p.m. on May 1 (Sunday), 1966 to
> perform official state business at the Terrell State
> Hospital during the working hours of Monday May 2nd,
> Tuesday May 3rd and Wednesday May 4th. On the nights
> of May 1st, 2nd and 3rd these employees spent the
> night in the Lamplighter Motor Inn. . .Dallas, Texas,
> . . .approximately 25 miles from the Terrell State
> Hospital and obtained a receipt from that place of
> commercial lodging which was submitted to the Comptroller
> . . .with their. . .Travel Voucher. . . . No mileage for
> travel each day from the hospital to the motor inn was
> claimed. The Comptroller. . .has refused to pay this
> per diem expense on the grounds 'Claimants left post
> of duty each day to travel to Dallas. From time left
> Terrell until returned next day considered personal
> business.'"

According to the Comptroller's Office the basis for
the rejection is Section 9 of Article 6823a, Vernon's Civil
Statutes, and Attorney General's Opinion O-4923 (1942).

Section 9 of Article 6823a is quoted as follows:

> "Neither a per diem allowance nor partial per diem
> allowance as set out in the General Appropriations Acts
> shall be allowed for the period of time on those days
> when an employee is:

Mr. Jess M. Irwin, Jr., page 2 (C-722)

"(1)   At his official designated headquarters.

"(2)   Absent from post of duty for personal reasons.

"(3)   Absent from post of duty for any reason not
       connected with duties of the agency by which
       the employee is employed.

"(4)   Away from designated headquarters for a period
       of less than six consecutive hours."

The above quoted section of Article 6823a must be construed in conjunction with the last appropriation act, H.B. No. 12, acts of 59th Legislature, Regular Session, Chapter 720, page 1679.

Section 15 of H.B. 12 (Travel Regulations) pertains to per diem allowance and is quoted, in part, as follows:

"a.   Rates of allowance.  Each employee traveling on State business inside the boundaries of the State of Texas shall be allowed, in lieu of actual expenses incurred for meals and lodging, a flat per diem rate of not to exceed twelve dollars ($12) provided there is attached to his expense account when submitted a 'Paid' bill or receipt from a commercial hotel, motel, or other commercial lodging establishment for his lodging, but provided further that if such receipt is not submitted, the flat per diem rate shall not exceed seven dollars ($7)."

Attorney General's Opinion No. O-4923 (1942) holds that expenses incurred in the reasonable line of travel are incurred while traveling on State's business, while expenses incurred outside the reasonable line of travel are not incurred while traveling on State's business.  Opinion No. O-4923 is not applicable to the present fact situation.

It is our opinion that the per diem allowance claimed by the employees in question is a proper and legal claim.  The facts disclose that the employees were absent from their designated headquarters to perform official duties of the agency by which the employees were employed.  At no time were the employees absent for personal reasons and at all times the employees were absent from their designated headquarters for reasons connected with their official duties.  These employees were not absent from their "post of duty," as you state that they worked at the Terrell State Hospital on the 2nd, 3rd and 4th days of May from 8 a.m. to 5 p.m.

## SUMMARY

Under the facts submitted, the per diem allowance claimed by the employees of the Department of Mental Health and Mental Retardation was incurred as a result of State business and is a proper and legal claim.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: James C. McCoy
James C. McCoy
Assistant Attorney General

JCMcC:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Malcolm Quick
Paul Phy
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright